IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| Anna Dryzhenko, | Case No. 3:10 CV 1393 |
| Plaintiff, | MEMORANDUM OPINION AND ORDER |
| -vs- | JUDGE JACK ZOUHARY |
| United States Citizenship and Immigration Services, et al., | |
| Defendants. | |

### INTRODUCTION

Plaintiff Anna Dryzhenko seeks review of the denial of her B-2 visitor visa. She brings this claim under the Administrative Procedure Act against the United States Citizenship and Immigration Services ("USCIS"), United States Department of Homeland Security and United States Attorney General, asking the Court to review not only the denial of her B-2 visa application, but also the denials of her Motion to Reopen and Motion to Reconsider. This matter comes before this Court on Defendants' Motion to Dismiss for Lack of Subject Matter Jurisdiction (Doc. No. 4). Plaintiff has opposed (Doc. No. 8).

### BACKGROUND

Plaintiff is a Russian citizen who entered the United States on a J-1 Exchange Visitor visa on June 7, 2009 (Doc. No. 1, at ¶ 16; Doc. No. 4-1, at p. 1). She was authorized to stay until October 1, 2009 (Doc. No. 4-3). On September 12, 2009, Plaintiff filed a Form I-539, Application to Extend/ Change Nonimmigrant Status, asking USCIS to issue her a B-2 visitor visa to allow her to stay in the

United States until March 15, 2010, for the purpose of tourism (Doc. No. 4-1). On November 24, 2009, USCIS denied the application because Plaintiff submitted an incomplete application and insufficient evidence (Doc. No. 4-4). Plaintiff filed a Motion to Reopen on December 22, 2009, which USCIS denied on January 13, 2010 (Doc. No. 4-6). She then filed a Motion to Reconsider on February 10, 2010, which USCIS denied on March 18, 2010 (Doc. No. 4-8). On June 6, 2010, Plaintiff filed this action seeking review of USCIS's denials (Doc. No. 1).

## ANALYSIS

Defendants argue that Plaintiff's case is moot and therefore this Court is without subject matter jurisdiction, because Plaintiff sought to extend her stay in the United States until March 15, 2010, a date which has come and gone. Plaintiff counters by stating, in conclusory fashion, that there still exists a live case or controversy.

The doctrine of mootness requires courts to dismiss cases where "the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *Powell v. McCormack*, 395 U.S. 486, 496 (1969). Where "interim relief or events have completely and irrevocably eradicated the effects of [an] alleged violation" of law, a case is moot. *Cnty. of Los Angeles v. Davis*, 440 U.S. 625, 631 (1979). "In other words, when a party has already been made whole for damage it claims to have suffered, the case is ordinarily moot." *Arizona Elec. Power Coop., Inc. v. Federal Energy Regulatory Com.*, 631 F.2d 802, 808 (D.C. Cir. 1980) (citing *Alton & Southern Railway Co. v. Int'l Ass'n of Machinists & Aerospace Workers*, 463 F.2d 872, 877, 879-80 (D.C. Cir. 1972).

This Court agrees with Defendants that this case is now moot. Plaintiff sought to extend her time in the United States until March 15, 2010 (Doc. No. 4-1), which occurred almost three months prior to Plaintiff filing this action. The net effect of Plaintiff's appeals means that she has remained

2

in the United States longer than she originally requested. This Court can no longer grant Plaintiff the relief she sought through her B-2 visa application because she has effectively received that relief already -- to remain in the United States until March 15, 2010 -- and therefore lacks a cognizable interest in the outcome of this case. *See Hwei-Jen Chou v. INS*, 774 F.2d 1318 (5th Cir. 1985) (holding that appeal of denial of voluntary departure grant in excess of sixty days is moot where appeal process resulted in stay in excess of two years).

The only argument Plaintiff offers in opposition to Defendants' Motion is that Plaintiff's "status has great implications on her ability to change status, and return to the United States in the future" (Doc. No. 8, p. 6). However, this is simply a conclusory statement, wholly without legal or factual support, and is insufficient to provide Plaintiff a cognizable interest in the outcome. "This court is not obligated to consider unsupported arguments inadequately developed in the briefs." *See United States v. Clark*, 1991 U.S. App. LEXIS 6681, at *17 (6th Cir. 1991) (citing *United Transp. Union v. Dole*, 797 F.2d 823, 827 (10th Cir. 1986)). Accordingly, this argument fails.

## CONCLUSION

For the foregoing reasons, Defendants' Motion (Doc. No. 4) is granted and Plaintiff's Complaint (Doc. No. 1) is dismissed as moot.

IT IS SO ORDERED.

    s/ *Jack Zouhary*
JACK ZOUHARY
U. S. DISTRICT JUDGE

November 30, 2010